### D. R. HUFFINES v. J. I. CASE THRESHING MACHINE COMPANY.

(Filed 4 May, 1910.)

**Issues—Immaterial Matters—Narrative—Objections and Exceptions —Evidence Withdrawn—Error Cured.**

The issue in this case being only as to whether the agent of defendant, sent on complaint of plaintiff to remedy defects in a machine purchased by him, had rendered the machine valueless

HUFFINES *v.* MACHINE COMPANY.

and totally unfit to do satisfactory work, exceptions taken to matters of warranty in the original contract, etc., are irrelevant, for such matters were merely narrative leading up to the cause of action; and admission of improper evidence tending to show a verbal guarantee by the agent at the time of sale was cured by the court's striking it out and withdrawing it from the consideration of the jury.

APPEAL by defendant from *G. W. Ward, J.,* at January Term, 1910, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court.

*A. L. Brooks* and *C. A. Hall* for plaintiff.
*King & Kimball* for defendant.

CLARK, C. J. This is an action to recover $525 which had been paid as the purchase price of a threshing machine bought of the defendant in 1902. In 1904, and again in 1905, on complaint of the plaintiff, the defendant sent out an agent to correct defects which the complaint avers the agent was unable to do, and, indeed, that the agent sent by the defendant in 1905 made many changes in the construction of said machine, the result of which rendered it useless and totally unfit to do any satisfactory work. There was evidence to support this view of the case, and the jury, upon proper instructions from the court, found a verdict in favor of the plaintiff for $325.12. There were a great number of exceptions taken as to the matter of the warranty in the original contract of sale and a breach thereof, and a waiver by the plaintiff in not giving notice in the stipulated time and retaining the machine. But these were irrelevant, as such matters were merely narrative of the facts leading up to the cause of action stated in the complaint, which was for the damage done the machine by the agent sent out in 1905. If there was error in these other respects it was harmless error. The real cause of action was properly submitted to the jury.

The admission of improper evidence tending to show a verbal guarantee by the agent at the time of sale was cured by striking out that evidence and withdrawing it from the consideration of the jury. *Medlin v. Simpson,* 144 N. C., 399.

No error.